IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | )   Criminal No. 08-365 |
| | ) |
| v. | ) |
| | ) |
| JASON LAMAR STEVERSON, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Pending before the Court is DEFENDANT JASON LAMAR STEVERSON'S MOTION TO SEVER DEFENDANTS (Document No. 972). Defendant filed a memorandum in support of his motion (Document No. 973) and the United States filed a memorandum in opposition to the motion (Document No. 994). The motion is ripe for disposition.[1]

Steverson's motion is based on Fed. R. Crim. P. 14, which provides that if the joinder of defendants appears to be prejudicial, "the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." In ruling on a motion to sever, the Court should exercise its discretion to balance the public's interest in judicial economy against the possibility of prejudice. In *United States v. Eufrasio*, 935 F.2d 553, 568 (3d Cir. 1991), the Court of Appeals for the Third Circuit explained (citations omitted):

> Ordinarily, defendants jointly indicted should be tried together to conserve judicial resources. The public interest in judicial economy favors joint trials where the same evidence would be presented at separate trials of defendants charged with a single conspiracy.

---

[1]Steverson has also filed other pretrial motions, which are not ripe. On October 5, 2009, the Court entered numerous orders which generally granted an extension of time for other Defendants to file pretrial motions. On January 21, 2009, the Court granted the government's motion to file an omnibus response 20 days after all of the Defendants' pretrial motions have been filed. The extension of time, as excludable delay under the Speedy Trial Act, applies with full force and effect to Steverson, as well.

Defendant bears a heavy burden to demonstrate such clear and substantial prejudice due to the joinder that it would result in a manifestly unfair trial. *Id.* In *Zafiro v. United States*, 506 U.S. 534, 539, 541 (1993), the Supreme Court commented that even where prejudice may exist, less drastic measures, such as a limiting instruction that the jury should give separate consideration to each charge, will often be sufficient.

Steverson was charged with 34 other persons at Count 1 of a 27-count superseding indictment with a large-scale conspiracy to possess and distribute cocaine and crack cocaine. Defendant argues that the evidence provided by the government against him could establish, at most, a single buyer-seller transaction. Steverson further maintains that he did not share in the expectation of profit, acquisition or sale to others identified in the conspiracy, and did not even know the alleged co-conspirators. Steverson argues that evidence pertaining to the other co-defendants would be prejudicial to him.

The government has provided a detailed response, in which it contends that Steverson's motion is based on a fundamental misunderstanding of federal drug conspiracy law. The government observes that a "buyer-seller" defense (such as that articulated by Steverson) is common in drug conspiracy cases and does not justify severance. The government also disputes Steverson's characterization of the factual evidence against him. Finally, the government argues that Steverson has made only vague and unsubstantiated allegations of prejudice.

The government concedes that a mere buyer-seller relationship, without any understanding beyond that transaction, is insufficient to establish that the buyer was a member of the seller's conspiracy. *United States v. Price,* 13 F.3d 711, 727 (3d Cir. 1994). Nevertheless, the government contends that Steverson is guilty of conspiracy. The key concept the government

must prove to establish a conspiracy is an **agreement** to accomplish an unlawful objective. A defendant may be found guilty of conspiracy without having committed an overt act in furtherance of that conspiracy. *United States v. Shabani*, 513 U.S. 10, 13-17 (1994).

The Court in *Price* articulated the difficulty associated with determining whether or not a person has joined a criminal conspiracy:

> We have recognized that drug conspiracies do not operate with the paper trail that generally accompanies legitimate business agreements. Much of the understandings in drug distribution are implicit, and the distinction between an independent contractor and a peripheral member of the conspiracy is often shadowy. In *Theodoropoulos*, we held that even an occasional supplier (and by implication an occasional buyer for redistribution) can be shown to be a member of the conspiracy by evidence, direct or inferential, of knowledge that she or he was part of a larger operation. *See* 866 F.2d at 594. As we said there, "drug conspiracies involving numerous suppliers and distributors operating under the aegis of a common core group can be treated as a single conspiracy. The government need not prove that each defendant knew all the details, goals, or other participants." *Id.* at 593 (citations omitted). On the other hand, unless the "peripheral members ... have been aware of one another and have done something in furtherance of a single illegal enterprise, .. the conspiracy alleged lacks 'the rim of the wheel to enclose the spokes.'"

*Id.* at 728. The Court concluded that the question of whether a defendant formed the requisite agreement must be entrusted to the jury. Similarly, in *United States v. Gibbs*, 190 F.3d 190, 197-98 (3d Cir. 1999), the Court explained[2]:

> In cases where the defendant's only involvement in the conspiracy appears to be drug purchases, courts have looked to the surrounding circumstances to determine whether the defendant is a mere buyer who had such limited dealings with the conspiracy that he cannot be held to be a conspirator, or whether he has knowledge of the conspiracy to the extent that his drug purchases are circumstantial evidence of his intent to join that conspiracy.

Steverson is charged with the same conspiracy in Count 1 of the superseding indictment

---

[2]The Third Circuit has not adopted the alternative, narrower analysis of buyer-seller relationships urged by Judge Becker. *See Gibbs* at 198 n.3.

as the other defendants. The government asserts that it will introduce numerous recorded telephone calls and text messages to prove that Steverson was trusted by Anthony Terry and was a member of the larger conspiracy. Under the facts and circumstances of this case, the "buyer-seller" defense does not justify severance of Steverson's trial from that of his alleged co-conspirators. *See, e.g., United States v. Brown*, 174 Fed. Appx. 29 (3d Cir. 2006) (non-precedential). Instead, the jury must determine whether or not he was a member of the conspiracy. The Court concludes that Steverson has fallen well short of his burden to demonstrate that severance is appropriate and any potential prejudice can be allayed by an appropriate limiting instruction to the jury.

In accordance with the foregoing, DEFENDANT JASON LAMAR STEVERSON'S MOTION TO SEVER DEFENDANTS (Document No. 972) is **DENIED**.

SO ORDERED this 19th day of November, 2009.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:    Troy Rivetti, AUSA
       Email: Troy.Rivetti@usdoj.gov
       Craig W. Haller, AUSA
       Email: craig.haller@usdoj.gov

       Stanley W. Greenfield, Esquire
       Email: GreenfieldandKraut@Verizon.net